# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELINDA DEITER and JOHN DEITER, | :<br>:<br>: |
| Plaintiffs, | : |
| v. | : 3:16-CV-132<br>: (JUDGE MARIANI) |
| CITY OF WILKES-BARRE, et al., | : |
| Defendants, | :<br>: |
| and | :<br>: |
| STELL ENTERPRISES, INC. et al., | : |
| Additional Defendants. | : |

## MEMORANDUM OPINION

## I. INTRODUCTION

Plaintiffs Melinda Deiter and John Deiter filed this action pursuant to 42 U.S.C. § 1983 alleging deprivation of property without due process of law in violation of the Fourteenth Amendment, a taking of property without just compensation in violation of the Fifth Amendment, seizure and destruction of property without a warrant in violation of the Fourth Amendment, as well as a state law conversion claim. (*See* Plaintiffs' Amended Complaint, Doc. 22). Presently before the Court is Defendants Stell Enterprises, Inc. and Robert Stella's ("Additional Defendants") Motion for Summary Judgment (Doc. 106) against Plaintiffs on the "state actor" issue. Plaintiffs and Defendants City of Wilkes-Barre and Frank Kratz also moved for summary judgment in this matter (see Docs. 99, 104), which the

Court has addressed in a separate opinion. (Doc. 137). For the reasons set forth below, the Court will grant Additional Defendants' Motion for Summary Judgment.

## II. STATEMENT OF UNDISPUTED FACTS

Additional Defendants Stell Enterprises, Inc. and Robert Stella have submitted a Statement of Undisputed Material Facts (Doc. 108) as to which they submit there is no genuine issue or dispute for trial. Plaintiffs Melinda Deiter and John Deiter have submitted a Response (Doc. 118) and the following facts have been admitted.[1]

The City of Wilkes-Barre and Frank Kratz authorized Stell Enterprises, Inc. to demolish the property at 54 and 54 ½ Marlborough Ave., Wilkes-Barre. (Doc. 108 at ¶ 6). Bradaric Excavating, Inc. submitted a bid for the demolition work at a price of $19,700, and Stell Enterprises, Inc. submitted a bid for the demolition work at a price of $18,900. (*Id.* at ¶¶ 3, 4). Mr. Kratz testified that Stell Enterprises, Inc. was awarded the contract because its bid was lower. (Doc. 108 at ¶ 5; Doc. 118 at ¶ 5).

Mr. Kratz had full authority to order property demolition within the City of Wilkes-Barre as a building code official. (Doc. 108 at ¶ 1). The decision to condemn the property at 54 and 54 ½ Marlborough Ave. was made before the two demolition contractors were

---

[1] Facts deemed undisputed include those which the opposing party has admitted from each Statement of Undisputed Material Facts. Statements that are admitted in part or were admitted with a qualification are only included in this section to the extent they were admitted.
   To the extent that denials do not have a basis for denial in the record or merely disagree with a statement in an individual's properly quoted testimony, the Court will deem those asserted facts as admitted, and, where relevant, has included them in the statement of undisputed facts.

2

contacted for price quotes on the demolition. (*Id.* at ¶ 2). The parties agree that there is no evidence that Additional Defendants had anything to do with the decision to condemn the property at issue for demolition. (*Id.* at ¶ 7). Nor is there any evidence that Additional Defendants have had anything to do with the decision to condemn property for any other City of Wilkes-Barre demolition job. (*Id.*).

The parties further agree that there is no evidence that Additional Defendants have been awarded a demolition contract by the City of Wilkes-Barre without bidding the job. (*Id.* at ¶ 8). Nor is there any evidence that Stell Enterprises, Inc. is the City of Wilkes-Barre's exclusive demolition contractor. (*Id.*). Demolishing houses in the City of Wilkes-Barre represents approximately two to five percent of Stell Enterprises, Inc.'s business. (*Id.* at ¶ 11).

The value that Additional Defendants received from the demolition of 54 and 54 ½ Marlborough Ave. was the contract price and whatever value they may have derived from the salvage. (*Id.* at ¶ 9). No witnesses saw Robert Stell or any Stell Enterprises, Inc. workers remove anything of value from the property. (*Id.* ¶ 10).

### III. STANDARD OF REVIEW

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "As to materiality,… [o]nly disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied* 507 U.S. 912, 113 S. Ct. 1262, 122 L. Ed. 2d 659 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). If a party has carried its burden under the summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of evidence." *Anderson*, 477 U.S. at 255. Therefore, when evidentiary facts are in dispute, when the credibility of witnesses may be in issue, or when conflicting evidence must be weighed, a full trial is necessary.[2]

---

[2] *See Guidotti v. Legal Helps Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013):
Under Rule 56, . . . a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The party asserting that there is a genuine dispute of material fact must support that assertion by "citing to particular parts of ... the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations..., admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A). In evaluating the motion, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).
716 F.3d at 772. *See also, Doebblers' Penn. Hybrids, Inc. v. Doebbler*, 442 F.3d 812, 820 (3d Cir. 2006)(stating that credibility determinations "are inappropriate to the legal conclusions necessary to a ruling

5

## IV. ANALYSIS

Additional Defendants argue that "Plaintiff's claims against Additional Defendants fail because there exists no evidence of record that Stell Enterprises, Inc. or Robert Stella are 'State Actors.'" (Doc. 107 at 5). The Court finds that the undisputed facts show that Additional Defendants were not acting under color of state law when they carried out the demolition of Plaintiffs' home pursuant to a contract with the City of Wilkes-Barre, and therefore Additional Defendants' Motion for Summary Judgment should be granted.

Plaintiffs' claimed constitutional deprivations are brought under 42 U.S.C. § 1983 which states in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C.A. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "(1) ... the conduct complained of was committed by a person acting under color of state law and (2) ... [that] the conduct deprived the complainant of rights secured under the Constitution or federal law." *Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 590 (3d Cir. 1988).

---

on summary judgment. . . .A District Court should not weigh the evidence and determine the truth itself, but should instead determine whether there is a genuine issue for trial."); *J.F. Feeser, Inc v. Serv-A-Portion, Inc.*, 909 F.2d. 1254, 1531 (3d Cir. 1990) ("We are keenly aware that credibility determinations are not the function of the Judge; instead the non-movant's evidence must be credited at this stage.").

6

In determining whether a party is considered a state actor or private person for purposes of § 1983 claims, "[t]he principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotation marks and citation omitted). To answer that question, the Third Circuit has outlined three broad tests generated by Supreme Court jurisprudence:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotation marks, citations and alterations omitted). The nexus determination requires the Court to engage in a fact specific analysis. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

The Supreme Court has found that, for purposes of a § 1983 claim, "[a]cts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts." *Rendell-Baker v. Kohn*, 475 U.S. 830, 841 (1982); *see also Boyle v. Governor's Veterans Outreach & Assistance Center*, 925 F.2d 71, 76 (3d Cir. 1991) ("Acts of private contractors do not become acts of the State simply because they are performing public contracts."); *see also Munoz v. City of Union City*, 481 F. App'x 754, 761 (3d Cir. 2012) (finding a private contractor defendant was not a state actor under § 1983 simply by performing a demolition pursuant to a public contract).

7

In support of their argument, Additional Defendants point to *Win & Son, Inc. v. City of Philadelphia*, 162 F. Supp.3d 449 (E.D. Pa. 2016) which is factually similar to the circumstances presented here. In *Win & Son*, the District Court granted the contractor-defendant's motion for summary judgment, finding that the defendant could not be considered a state actor under § 1983 simply because it performed the demolition of the plaintiff's property on behalf of the City of Philadelphia. *Id*. at 459. The District Court reasoned that under the Third Circuit's decision in *Groman v. Township of Manalapan*, "the fact that [the defendant] performed the work under the government's control, did so at the City's request, and received government funds does not make it a state actor."[3] *Win & Son*, 162 F. Supp. at 459. The District Court further highlighted that "[i]n particular, [the defendant] did not make the decision to declare the building 'imminently dangerous' or exercise its judgment in determining when it was necessary to demolish the building," and that "[i]ts actions were limited to fulfilling the terms of its contract with the government subject to the Master Demolition Specifications." *Id*.

More recently, the District Court in *Dietrich v. Schaaf Excavating Contractors, Inc.*, No. 18-01697, 2021 WL 807712, at *7 (W.D. Pa. March 3, 2021) denied a plaintiff's motion for default judgment, finding that the demolition company defendant, who was hired by the

---

[3] In *Groman*, the Third Circuit held that a private first aid squad that responded to a police request for medical care for the plaintiff was not a state actor even though (1) the squad provided medical care to the plaintiff while he was in state custody, (2) it did so at the request of police, (3) the police had a constitutional obligation to provide medical care, and (4) the squad received public funds. *Groman*, 47 F.3d at 642.

Mount Oliver Borough to demolish plaintiff's property, was not a state actor and therefore could not be held accountable for any constitutional violations alleged by the plaintiff. Similar to *Win & Sons*, the District Court in *Dietrich* noted that "in particular, Plaintiff does not contend that [the defendant] made the decision to declare the Mr. Dietrich's [sic] house dangerous or exercise its judgment in determining when it was necessary to demolish the building." *Id*. *See also Chompupong v. City of Schenectady*, No. 17-929, 2019 WL 3321874, at *6 (N.D. N.Y. July 24, 2019) (finding that plaintiff failed to plausibly allege that the private contractor-defendant was acting under color of state law when it demolished the plaintiff's home through a contract with the City of Schenectady, as the facts in the complaint "make clear that the City made the decision to demolish the Nicholaus Building and that [the defendant] was merely the contractor who submitted the lowest bid").

Here, Plaintiffs argue that Additional Defendants are state actors under the second of the three tests outlined in *Kach*, as "they 'acted with the help of or in concert with state officials.'" (Plaintiffs' Brief in Opposition to Additional Defendants' Motion for Summary Judgment, Doc. 120 at 6). Plaintiffs contend that the facts in this case present "much more than a mere contract, as was the case in *Win*," as "[t]hey reveal agreement, and actions in concert to use the City's and Kratz's governmental power together and in violation of the constitution." (*Id*. at 8). Without citation to any evidence of record, Plaintiffs make a number of conclusory assertions as to Additional Defendants' involvement in the demolition of Plaintiffs' property:

9

> In the present case, the facts reveal that SEI/Stella had a long time understanding with Kratz and the City of Wilkes-Barre. That understanding was that together they would use the City's power not only to contract and pay SEI with City money, but also to take citizens' property without notice or an opportunity to be heard. The understanding was that the owners could not know what was happening, as reflected by SEI's/Stella's fraudulent use of the owner's name to help effect this joint action with the City and Kratz.

(*Id.* at 7-8).

However, despite the contentions in their supporting brief, in their Statement of Facts in Opposition to Additional Defendants' Statement of Undisputed Material Facts, Plaintiffs admit that there is no evidence that Additional Defendants had anything to do with the decision to condemn the property at issue for demolition. (Doc. 118 at ¶ 7). Plaintiffs further admit there is no evidence that Additional Defendants have had anything to do with the decision to condemn any other property for a City of Wilkes-Barre demolition job. (*Id.*).

As the cases discussed herein demonstrate, where the State makes the decision to condemn a property for demolition, a private company whose actions are limited to carrying out the demolition pursuant to a contract with the State is not a state actor for purposes of § 1983. *See Munoz*, 481 F. App'x at 761; *Win & Son*, 162 F. Supp. 3d at 459; *Dietrich*, 2021 WL 807712, at *7; *Chompupong*, 2019 WL 3321874, at *6. Here, it is undisputed the decision to demolish the property at 54 and 54 ½ Marlborough Ave. was made before the two demolition contractors were contacted for price quotes on the demolition. It is further undisputed that Additional Defendants submitted the lowest bid for the demolition work, and that they were subsequently authorized by the City of Wilkes-Barre to demolish Plaintiffs'

home. Thus, the undisputed facts here reveal that Additional Defendants were simply carrying out a contract with the City of Wilkes-Barre when they demolished Plaintiffs' property, and thus were not acting under color of state law. Therefore, Additional Defendants' Motion for Summary Judgment will be granted.

## V. CONCLUSION

For the reasons set forth above, Additional Defendants' Motion for Summary Judgment (Doc. 106) will be granted and judgment will be entered in favor of Additional Defendants Stell Enterprises, Inc. and Robert Stella. A separate Order follows.

Robert D. Mariani
United States District Judge